The judgment of the court (Rost, J. being absent,) was pronounced by
Preston, J.
The defendant is accused of breaking and entering a store in the day time with intent to steal. The grand jury endorsed on the back of the ’ indictment “a true bill,” dated and signed by the foreman. An erroneous memorandum on the back of the indictment, made probably by the clerk or prosecuting officer, indicating that the charge was for burglary is not, as contended, a part of the finding of the grand juiy. The authorities cited to show that the finding a true bill for a crime not charged would be vicious are not applicable to the case.
The indictment charges that the accused broke and entered a store with the feloneous intent; the statute makes it a crime to break and enter a shop, with such an intent. And the Supreme Court of Massachusetts, in the case of the Commonwealth v. Monagle, inclined to the opinion that the substitution of the word store in the indictment for the word shop in a similar statute was fatal on a motion in arrest of judgment. We think not. Mr. Webster, the best of lexicographers, defines a shop to be a building in which goods, wares, drugs, &c. are sold by retail; and states that, in the United States, shops for the sale of goods of any kind, by wholesale or retail, are often called stores. Indeed, ip this city, in common parlance, in speaking of going to places, known by no other names than stores, to purchase goods, we speak of going a shopping.
In the case of the United States v. Bachelder, 2d Gallison’s Rep. 18, it was held by Judge Story, that if the offence prohibited by statute was set forth with substantial accuracy in the indictment, it was sufficient, and that it was not necessary to follow the exact wording of the statute.
*342 It is the duty of a prosecuting officer to state the precise facts with which he charges the accused, and, in doing so, to use the words of the statute if possible; and if the statement of the real facts constitutes a substantial violation of the statute, and can be so construed without departing from the true meaning of the words, it is the duty of the court to maintain the information dr indictment.
Guided by these rules, we are of opinion that the judgment of the First District Court of New Orleans should be affirmed, with costs.